IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

MATTHEW COAR, )
)
Plaintiff, )
)
v. )
)
RECREATIONAL EQUIPMENT, INC. )
(d/b/a REI), KONA BICYCLE COMPANY )
(d/b/a Kona),MARZOCCHI USA (d/b/a )
Marzhocchi Suspension), and ) 3AN-09-10592 CI
TENNECO INC. GROUP (d/b/a )
Tenneco Marzocchi, d/b/a Tenneco), )
JOHN DOE, and MIKE HERZOG, )
)
Defendants. )



## COMPLAINT

Plaintiff MATTHEW COAR, by and through counsel, Libbey Law Offices, LLC, hereby brings a claim against Defendants as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Matthew Coar was at all times relevant hereto a resident of Alaska.

2. Defendant Recreational Equipment Inc. (Hereafter REI) is a company in good standing and authorized to conduct business in Alaska.

3. Defendant Kona Bicycle Company (hereafter Kona) is, based on information and belief, a Washington Corporation, with

*Coar v. REI et al.*, Complaint
3AN-09-_____CI

Page 1 of 7

Exhibit 1
Pg 1 of 7

sufficient minimum contacts to subject it to personal jurisdiction in Alaska, including having dealership locations in Alaska.

4. Defendant Marzocchi USA (hereafter Marzocchi) is, based on information and belief, an Illinois corporation, with sufficient minimum contacts to subject it to personal jurisdiction in Alaska, including working with bike dealerships in Alaska for the marketing and sales of its bike suspension products.

5. Defendant Tenneco Inc. Group (hereafter Tenneco) owns Marzocchi USA.

6. Defendant Tenneco Inc. Group is, based on information and belief, an Illinois corporation, with sufficient minimum contacts to subject it to personal jurisdiction in Alaska, including working with bike dealerships in Alaska for the marketing and sales of its bike suspension products.

7. Defendant John Doe is an employee at REI, the identity of which is not yet known.

8. Defendant John Doe, at all times relevant hereto, was acting in the course and scope of his employment at REI at all times relevant hereto.

9. Defendant John Doe, based on information and belief, is an Alaska resident.

*Coar v. REI et al.*, Complaint
3AN-09-_____CI

Exhibit 1
Pg 2 of 7

10. Defendant Mike Herzog was store manager at REI and all times relevant hereto and was acting in the course and scope of his employment at REI at all times relevant hereto.

11. Defendant Mike Herzog, on information and belief, is an Alaska resident.

12. Jurisdiction and venue is proper in the Third Judicial District at Anchorage, Alaska since the subject bike was purchased at Defendant REI's Anchorage retail store and the accident occurred in Anchorage.

## FACTUAL BACKGROUND

13. The accident in this case took place in the Third Judicial District, at Anchorage, Alaska.

14. On May 9, 2006, Mr. Coar purchased a Kona Dawg mountain bike (hereafter "Kona bike" or "the bike") from Defendant REI for $1,188.99 at the REI Anchorage store.

15. Prior to purchase, Defendant REI employee John Doe assembled the bike.

16. Defendant Herzog was responsible for the proper assembly of the bike, including supervision and training of the people responsible for the assembly of the bike.

17. On or about October 3, 2007, Plaintiff Matthew Coar was seriously and permanently injured as a result of the faulty

*Coar v. REI et al.*, Complaint
3AN-09-_____CI

LIBBEY LAW OFFICES
ATTORNEYS AT LAW
A LIMITED LIABILITY COMPANY
TELEPHONE (907) 258-1015
FAX (907) 258-1822
604 WEST 2ND AVENUE
ANCHORAGE, ALASKA 99501

shock system installed on his Kona Dawg mountain bike, suddenly becoming disconnected.

18. The Kona bike was manufactured by Defendant Kona.
19. The faulty shock system on the bicycle was a Marzocchi Gran Fondo 3 shock system.
20. Plaintiff kept the bike in general good condition.
21. Any maintenance on the bike was performed at Defendant REI, Anchorage.
22. The bike was taken to REI one time for maintenance on July 31, 2007.
23. On October 3, 2007, Plaintiff was biking on the Power Line trail in Anchorage, Alaska where he went over a root on the trail and his entire front shock system fell apart.
24. There are at least three witnesses to the accident.
25. When the shock system fell apart, Plaintiff was thrown over his handlebars and suffered extreme injury to his face and other body parts.
26. Plaintiff received emergency medical treatment and continuing medical treatment for his injuries caused from the bike accident.
27. The bike was subject to nothing more than normal wear and tear.
28. The shock system in the bike was defective.

*Coar v. REI et al.*, Complaint
3AN-09-_____CI

Page 4 of 7

Exhibit 1
Pg 4 of 7

Case 3:10-cv-00007-JWS   Document 1-2   Filed 01/12/10   Page 4 of 7

29. The defective shock system caused serious bodily injury to Coar.

### COUNT I - GENERAL STRICT LIABILITY

30. The shock system on the Kona bike was defective at all relevant times hereto.
31. That the defect would cause injury was reasonably foreseeable.
32. All Defendants are strictly liable for injuries caused by the defective design and/or manufacturer defect of the Kona bike.

### COUNT II - GENERAL NEGLIGENCE

33. The Kona bike was defective at all relevant times hereto.
34. The Kona bike was reasonably certain to be dangerous if negligently made or assembled, and all defendants had a duty to exercise reasonable care in the design and/or manufacture and/or safe assembly, and/or training and supervision of those delegated to assemble the product so that the product may be safely used in a manner for the purpose for which it was made. Defendants failed to fulfill this duty and failure to fulfill this duty was negligence.
35. The maker of a component part that is incorporated into a product finished has the same duty of care as a manufacturer.
36. The seller of a defective product has the same duty of care as a manufacturer and/or component maker.

37. All Defendants knew or should have known that the Kona bike was dangerous or likely to be dangerous, and as such had a duty to protect others from harm caused by the bicycle.

38. All defendants are liable for injuries caused by the negligently designed, manufactured, and/or assembled product.

**COUNT THREE - STRICT LIABILITY FOR FAILURE TO WARN**

39. A supplier, manufacturer and/or seller has a duty to provide an adequate warning to the user on how to use the product if a reasonably foreseeable use of the product involves a substantial danger that would not be readily recognized by the ordinary user.

40. Defendants failed to properly warn.

41. Failure to fulfill such a duty results in strict liability for the damages caused to plaintiff.

**COUNT FOUR - NEGLIGENCE FOR FAILURE TO WARN**

42. A supplier, manufacturer and/or seller has a duty to provide an adequate warning to the user on how to use the product if a reasonably foreseeable use of the product involves a substantial danger that would not be readily recognized by the ordinary user.

43. Defendants failed to properly warn.

44. Failure to properly warn is negligence.

**DAMAGES**

*Coar v. REI et al.*, Complaint
3AN-09-_____CI

Page 6 of 7

Exhibit __1__
Pg __6__ of __7__

Case 3:10-cv-00007-JWS   Document 1-2   Filed 01/12/10   Page 6 of 7

45. Defendants have caused Plaintiff to suffer damages, including, but not limited to the following: future and past damages, pain and anxieties, lost wages, expenses related to medical treatment, loss of time and enjoyment of life, expense and inconvenience associated with disability and the pursuit of medical care, and permanent impairments, including permanent facial disfigurement.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For judgment in his favor in excess of $100,000, in the amount of damages arising from this incident to be proven at trial;
2. For interest, costs, and attorney's fees;
3. For any other relief the Court deems necessary.

DATED this 29th day of Sept., 2009, at Anchorage, Alaska.

LIBBEY LAW OFFICES, LLC
Counsel for Plaintiffs

Colleen A. Libbey ABA 0012104

*Coar v. REI et al.*, Complaint
3AN-09-_____CI

Exhibit 1
Pg 7 of 7